UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY WATT,

                Petitioner,                Case No.  4:15-cv-14304
                                                             Honorable Linda V. Parker

v.

THOMAS MACKIE,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 1], DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS, AND RENDERING MOOT PETITIONER'S MOTION FOR RESOLUTION [ECF NO. 4]**

This is a habeas case brought by a state prisoner pursuant to 28 U.S.C. § 2254. On June 14, 1995, Petitioner Timothy Watt was convicted in the Recorder's Court for the City of Detroit of second-degree murder. The petition alleges that Petitioner was denied the effective assistance of counsel when his trial attorney, his cousin Coral Watt, failed to perfect his direct appeal after telling him she would do so.

The petition addresses its timeliness under 28 U.S.C. § 2244(d). Petitioner asserts that the petition should be deemed timely filed because "he was denied constitutionally effective assistance of counsel on his appeal of right. Because his trial counsel (Ms. Watt), promised him that she would represent him on his appeal of

right." ECF No. 1 at. Pg. ID 18. For the reasons stated below, the Court nevertheless finds that the habeas petition was untimely filed, and Petitioner has not demonstrated entitlement to equitable tolling. The Court will therefore summarily dismiss the petition. The Court will also deny Petitioner a certificate of appealability and deny permission to appeal in forma pauperis.

## I. Background

According to the allegations in the petition, on June 14, 1995, Petitioner was convicted of second-degree murder after a jury trial in the Recorder's Court for the City of Detroit.[1] He was sentenced to life imprisonment on June 29, 1995. Petitioner claims that he was represented by his cousin, Coral Watt, at trial. He asserts that Ms. Watt told him after sentencing that she would represent him on appeal, and that she would file the necessary paperwork. The petition claims that eight or nine months later, he learned that there was a dispute in the family regarding Coral Watt's representation of Petitioner at trial, and she did not file an appeal. ECF No. 1 at Pg. ID 38.

On May 10, 1996, Petitioner filed a motion for appointment of counsel. On June

---

[1]The dates of the various court actions alleged in the petition were confirmed by Michigan's One Court of Justice website, and the trial court's website. The Court may take judicial notice of the records contained in these websites. *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

25, 1996, the trial court appointed counsel. On August 20, 1997, counsel filed a motion for relief from judgment in the trial court, asserting that:1) Petitioner was denied the effective assistance of counsel at trial because counsel failed to object to prosecutorial misconduct, 2) the trial court erroneously instructed the jury regarding second-degree murder, and 3) there was insufficient evidence to support Petitioner's conviction.

On September 29, 1997, the trial court denied the motion for relief from judgment. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, but it was dismissed on July 10, 1998, because it attempted to appeal directly Petitioner's conviction instead of the order denying his motion for relief from judgment. *People v. Watt*, No. 210463 (Mich. Ct. App. July 10, 1998). The order stated that the dismissal was without prejudice to Petitioner filing a timely application for leave to appeal from the order denying the motion for relief from judgment. No such application was filed, nor was any relief sought in the Michigan Supreme Court.

Instead, Petitioner waited until December 1, 2015, to again seek review of his conviction by filing the present petition for a writ of habeas corpus.

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether the petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 209 (2006). Such consideration is appropriate here because Petitioner raises the issue of the statute of limitations himself in the petition and sets forth his argument as to why the petition should be considered timely filed.

### III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State

-4-

action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. *See* 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The time for direct review of Petitioner's conviction expired eighteen months after he was sentenced, when the time for filing a delayed application for leave to appeal in the Michigan Court of Appeals ended. MICH. CT. R. 7.205(F) (1995) (period shortened to one year by amendment made effective November 1, 1995). Accordingly, the limitations period began to run on December 29, 1996, some eight months after the

enactment of AEDPA.

The limitations period stopped running and started tolling under § 2244(d)(2) on August 20, 1997, when Petitioner filed his motion for relief from judgment. The motion for relief from judgment was denied on September 29, 1997. After that point, Petitioner never had a properly filed petition for post-conviction review pending in the state courts, and so the limitations period did not continue to toll beyond that date. Petitioner then waited over eighteen years until he commenced the present action by signing his habeas petition and handing it over to corrections officials for mailing.

Accordingly, the petition was filed nearly two decades late, and is subject to dismissal unless Petitioner demonstrates grounds for equitable tolling. *Holland v. Florida*, 561 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id*. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner asserts that the blame for his failure to seek timely review of his conviction lies with his trial attorney who failed to file a direct appeal from his conviction though she told him she would. This argument misses the mark. Petitioner admits that he discovered his trial attorney's failure to file an appeal eight or nine months after his sentencing. He then took action by filing a request for the appointment of counsel, he was appointed counsel, and then his counsel filed a motion for relief from judgment. That motion was denied and the subsequent appeal dismissed. All this happened nearly two decades ago. Petitioner offers no explanation whatsoever as to why he waited so long after his state collateral appeal was dismissed to file the present petition. Petitioner's years of inaction have nothing to do with his trial attorney's failings and everything to do with his own failure to diligently pursue his rights. He does not present the sort of extraordinary circumstances that excuse such a lengthy delay.

The most Petitioner can say is that as a pro se litigant who required the assistance of a fellow inmate to prepare this petition, he was unaware of the time requirements. But the fact that Petitioner is untrained in the law, may have been proceeding without a lawyer for a time, or may have been unaware of the statute of limitations does not warrant tolling. See *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp.

2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002); cf. *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). Thus, Petitioner is not entitled to equitable tolling.

Accordingly, the Court finds that the petition was filed after expiration of the statute of limitations, and Petitioner has failed to demonstrate entitlement to equitable tolling. The case will therefore be dismissed.

## IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a

valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not find the court's procedural ruling that the petition is untimely debatable. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

## V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability and permission to proceed on appeal in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for resolution is **RENDERED MOOT**.

> S/ Linda V. Parker
> LINDA V. PARKER
> U.S. DISTRICT JUDGE

Dated: May 3, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 3, 2016, by electronic and/or U.S. First Class mail.

> S/ Richard Loury
> Case Manager